IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TAREQ JABR, et al.,**

    **Plaintiffs,**

    v.

**OHIO ATTORNEY GENERAL, et al.,**

    **Defendants.**

Case No. 2:17-cv-18
Judge Algenon L. Marbley
Magistrate Judge Jolson

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Tareq Jabr, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Ohio Attorney General Mike DeWine, Assistant Attorney Generals James Dinsmore, Christopher Bagi, and John Reichly, the Ohio Department of Taxation, and the Ohio Department of Job and Family Services. This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

**I.**    **LEGAL STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  In reviewing the Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Id*. (quoting *Twombly*, 550 U.S. at 555).  Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**II.    DISCUSSION**

As an initial matter, the Court notes that Plaintiff attempts to bring this case on his own behalf and on behalf of his wife, Eman Judieh Jabr.  (*See* Doc. 1).  Although Plaintiff may bring the Complaint *pro se* on his own behalf, he cannot bring the Complaint on behalf of his wife.  *See, e.g.*, *United ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 894 (S.D. Ohio 2013) (noting that Plaintiff "may, of course, bring a *pro se* complaint on behalf of himself, but he cannot bring a *pro se* complaint on behalf of another").  Consequently, the sole claims properly before this Court are Defendants' alleged violations of Plaintiff's rights.

Plaintiff filed this case under 42 U.S.C. § 1983 against Ohio Attorney General Mike DeWine, Assistant Attorney Generals James Dinsmore, Christopher Bagi, and John Reichly, the Ohio Department of Taxation, and the Ohio Department of Job and Family Services.  Although

not entirely clear, it appears that Plaintiff is making two separate claims: the first that Defendants falsely accused him of selling tobacco without paying tax, and the second that the Ohio Department of Taxation is improperly deducting child support from his supplemental security income and social security disability insurance payments. (Doc. 1-2, PAGEID #: 10). Plaintiff alleges that Defendants' actions have caused him to suffer stress that has adversely impacted his physical and mental health. (*Id.*).

Each of Plaintiff's claims were litigated in prior state court actions. *See Jabr v. Ohio Dep't of Taxation*, No. 16-AP-26 (Ohio App. 10th Dist. June 30, 2016) (affirming dismissal of Plaintiff's complaint alleging that "the Department had falsely accused [him] of selling tobacco products with the intent to avoid paying tax, a violation of R.C. 5743.60"); *Jabr v. Ohio Dep't of Job and Family Servs.*, No. 15AP-1141 (Ohio App. 10th Dist. June 30, 2016) (finding that the Ohio Court of Claims was not the proper former to review the administrative child support order).

The United States District Court does not have jurisdiction to review state court judgments. Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. *See Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). On this basis, the Court recommends dismissal of the Complaint. *See Daniels v. State of Ohio*, No. 2:08-cv-16, 2008 WL 3843574, at *1 (S.D. Ohio Aug. 13, 2008) (stating that the *Rooker-Feldman* doctrine prevents a plaintiff from collaterally attacking a state court judgment by bringing it as a civil rights action).

Even if this case weren't barred by the *Rooker-Feldman* doctrine, the Ohio Department of Taxation and the Ohio Department of Job and Family Services, as state agencies, are absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (applying Eleventh Amendment sovereign immunity applies to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70–71 (1989). Accordingly, the Ohio Department of Taxation and the Ohio Department of Job and Family Services must be dismissed on this basis.

Similarly, claims for damages asserted against state employees in their official capacities cannot proceed in a federal court because such claims are deemed to be claims against the State. *Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983"). Here, the Complaint is unclear as to how the individual Defendants are sued. If they are sued in their official capacities, the claims against them also must be dismissed. *See id*.

Finally, in order to plead a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). To plead the second element sufficiently, a plaintiff must allege that each defendant had "personal involvement" in the deprivation of his rights. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). In this case, Plaintiff's Complaint fails to provide sufficient factual content or context from which the Court could infer that the individual Defendants were involved personally in any violation of his constitutional rights. Thus, Plaintiff's complaint must be dismissed.

At base, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  That is, the factual content does not allow the Court to draw the reasonable inference that the individual Defendants are liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  Because the Complaint that consists of labels and conclusions, it is insufficient.  For these reasons, the Court will recommend dismissal of the Complaint.

### III.     CONCLUSION

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  However, having performed an initial screen, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

#### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: January 18, 2017                                    /s/ Kimberly A. Jolson
                                                                              KIMBERLY A. JOLSON
                                                                              UNITED STATES MAGISTRATE JUDGE