# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TAREQ JABR, et al., | : | |
| Plaintiffs, | : | Case No. 2:17-cv-18 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| OHIO ATTORNEY GENERAL, et al., | : | Magistrate Judge Jolson |
| Defendants. | : | |

## OPINION & ORDER

Plaintiff Tareq Jabr, an Ohio resident who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Ohio Attorney General Mike DeWine, Assistant Attorney Generals James Dinsmore, Christopher Bagi, and John Reichly, the Ohio Department of Taxation, and the Ohio Department of Job and Family Services. This matter is before the Court for consideration of Magistrate Judge Jolson's January 18, 2017 Initial Screening **Report and Recommendation** (Doc. 2) recommending that Plaintiff's claims be DISMISSED on the grounds that a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint in federal court under the *Rooker-Feldman* doctrine. For the reasons stated herein, upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and hereby **DISMISSES** Plaintiff's claims.

## I. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which the objection is made." 28 U.S.C. § 636(b)(1); *see also*

Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

This Court agrees with the decision and analysis of the Magistrate Judge. Each of the Plaintiff's two claims was already litigated in state court. *See Jabr v. Ohio Dep't of Taxation*, No. 16-AP-26 (Ohio App. 10th Dist. June 30, 2016); *Jabr v. Ohio Dep't of Job and Family Servs.*, No. 15AP-1141 (Ohio App. 10th Dist. June 30, 2016). The *Rooker-Feldman* doctrine precludes a litigant from collaterally attacking a state court judgment by filing a civil rights complaint. *See Daniels v. State of Ohio*, No. 2:08-cv-16, 2008 WL 3843574, at *1 (S.D. Ohio Aug. 13, 2008). For this reason, this Court agrees with the Magistrate Judge that Plaintiff is precluded from bringing this action and his claims must be dismissed.

Moreover, Plaintiff's Objections, though murky at best, seek a contrary result based on a mere recitation of the allegations levied against the Defendants in these prior state court cases. Plaintiff seeks monetary relief, alleging a right to sue under the *Ex parte Young* doctrine. *Ex parte Young*, 209 U.S. 123 (1908). This doctrine provides an exception to sovereign immunity that "allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017). However, this exception "does not extend to retroactive relief or claims for money damages." *Id.* Here, Plaintiff brings two claims: 1) Defendants falsely accused him of selling tobacco without paying taxes; and 2) Defendants improperly deducted child support from his disability payments. Plaintiff demands two million dollars, alleging that due to the actions of the Defendants, Plaintiff's physical and mental health has been adversely

affected.  Plaintiff seeks both retroactive relief and monetary damages.  Therefore, the *Ex parte Young* exception to sovereign immunity does not apply.

Moreover, this Court agrees with the Magistrate Judge's ancillary reasons for dismissal, for two reasons.  First, Plaintiff is precluded from suing the individual defendants because a plaintiff may not assert claims for damages in federal court against state employees in their official capacities, which Plaintiff attempts here.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.")  Second, the Eleventh Amendment precludes Plaintiff from suing the Ohio Department of Taxation and the Ohio Department of Job and Family Services.  *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (holding that Eleventh Amendment sovereign immunity applies to "state agents and instrumentalities").

## IV.  CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's Objections (Doc. 4) and accordingly **ADOPTS** the Magistrate Judge's **Report and Recommendation** (Doc. 2).  Plaintiff's Complaint is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                           **/s/ Algenon L. Marbley**
                                           **ALGENON L. MARBLEY**
                                           **UNITED STATES DISTRICT JUDGE**

**DATED:  October 30, 2017**